Case 5:24-cv-00021 Document 17 Filed on 07/19/24 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:24-CV-21 |
| | § | |
| $176,840.00 UNITED STATES CURRENCY | § | |
| | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff the United States of America's motion for default judgment and entry of final order of forfeiture, (Dkt. No. 15). On June 6, 2024, United States District Judge John A. Kazen referred Plaintiff's motion to the Undersigned for a report and recommendation. (Dkt. No. 16). For the reasons below, the Undersigned recommends the United States' motion, (Dkt. No. 15), be **GRANTED** and an order of forfeiture be issued in favor of the United States.

#### I. BACKGROUND

This case arises from a seizure of proceeds of unlawful activity. The United States' allegations in the *in rem* complaint, (Dkt. No. 1), are unrebutted, as any parties who might have an interest in the seized currency have defaulted. Therefore, the Undersigned adopts those unrebutted factual allegations.

On May 31, 2023, Hidalgo County Deputy Sheriff Jaime Garcia ("Deputy Garcia") stopped David Loera Vasquez ("Vasquez") for failing to maintain a single marked lane of traffic. (*Id.* at 2). During the traffic stop, Deputy Garcia obtained consent to search Vasquez's 2016 Peterbilt tractor. (*Id.* at 2). Deputy Garcia's "narcotic detecting K-9 ["canine"] performed a free air sniff of the tractor and "alerted

1

positively to an odor of narcotics emitting from inside the tractor's cab." (*Id*. at 2–3).

Before continuing the search, Deputy Garcia contacted Drug Enforcement Agency ("DEA") Special Agent Diego Marrufo ("Agent Marrufo"). (*Id*. at 3). Agent Marrufo arrived at the location of the traffic stop to assist Deputy Garcia in the search. (*Id*. at 3). After removing items that were in the tractor's closet, Agent Marrufo "located a false compartment underneath the floor." (*Id*. at 3). "Five (5) vacuum sealed packages wrapped in aluminum foil were discovered therein." (*Id*. at 3). The packages contained bulk United States currency. (*Id*. at 3).

Vasquez was taken into custody by Deputy Garcia and Vasquez's tractor was drive to the Hidalgo County Sheriff's Department where an inventory search was conducted. (*Id*. at 3). There, "an additional $9,000.00 [in] United States currency was found in a brown backpack on a top bunk of the sleeper compartment." (*Id*. at 3). "The total amount of currency seized after the traffic stop was $152,000.00." (*Id*. at 3).

On June 3, 2023, Deputy Garcis, Agent Marrufo, and DEA Special Agent Alfonso Perez, conducted a second search of Vasquez's tractor. (*Id*. at 3). Vasquez's tractor had been parked in the Hidalgo County Sheriff's Department parking lot since the May 31, 2023, traffic stop. (*Id*. at 3). During the second search, an additional amount of United States currency, "totaling $15,840[.00], was discovered hidden between the mattress cover and mattress in the tractor['s] sleeper compartment." (*Id*. at 3).

In total, the amount of U.S. currency seized from the tractor during both searches was "$176,840.00." (*Id*. at 3).

"On or about October 27, 2023, Adriana Jones [(the "known potential claimant")] submitted a claim . . . to the Drug Enforcement Agency . . . contesting administrative forfeiture of the seized [c]urrency." (*Id.* at 2). As a result, the United States initiated this civil forfeiture action on February 5, 2024. (Dkt. No. 1); *see also* 18 U.S.C. § 983(a)(3)(A).

The United States' claim is filed as a verified complaint for forfeiture *in rem* against the seized currency. (Dkt. No. 1). The complaint provides the basis for this Court's jurisdiction, for jurisdiction *in rem*, and for venue in this Division. (*Id.* at 1). The complaint also states that 21 U.S.C. § 881(a)(6) provides the legal basis for forfeiture. (*Id.* at 2). § 881(a)(6) provides for the forfeiture of all "monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act." (*Id.* at 2). Finally, the complaint "seeks a final judgment forfeiting the seized currency." (*Id.* at 5).

On February 9, 2024, the United States sent notice and copies of its *in rem* complaint to the known potential claimant by certified mail, return receipt requested. (Dkt. No. 7 at 5–10). The notice advised the known potential claimant that the deadline for filing a verified claim was 35 days after the notice was sent, specified the requirements for filing a claim, and informed the known potential claimant that claims must be served on the assigned Assistant United States Attorney who signed the notice. (*Id.* at 6 and 9). The notices also advised the known potential claimant that they must also file and serve an answer to the *in rem* complaint within 21 days after filing the claim. (*Id.* at 6 and 9).

3

Additionally, the United States published notice of this forfeiture action on the www.forfeiture.gov website for a least 30 consecutive days, beginning on February 9, 2024, and ending on March 9, 2024. (Dkt. No. 10). The notice advised people claiming a legal interest in the seized currency that they must file a verified claim with the Court within 60 days of the first day of publication (February 9) and an answer to the *in rem* complaint within 21 days thereafter, with copies to the assigned Assistant United States Attorney. (Dkt. No. 10 at 3). The notice warned that default and forfeiture would be ordered if a claim and answer were not filed. *Id*.

The known potential claimant did not file a verified claim or answer to the *in rem* complaint. No other party did, either. As a result, the United States sought and obtained an entry of default from the Clerk of Court. (Dkt. No. 13). The United States now seeks default judgment against the seized currency pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 15).

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 55 ("Rule 55") governs entry of default and default judgment. It's helpful to discuss the terms and process under Rule 55. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Next comes an entry of default, which the clerk enters "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Brown*, 84 F.3d at 141. Once the clerk has entered a

defendant's default, a "plaintiff may apply for a judgment based on such default. This is a [motion for] default judgment." *Brown*, 84 F.3d at 141. At that point, a court, with certain exceptions, may enter default judgment. Fed. R. Civ. P. 55(b)(2).

Default judgments are not the norm. They "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). But the procedure exists because "an essentially unresponsive party" can halt the adversary process. *Id.* (quotation omitted). Even so, "a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Before a court enters default judgment, it must be satisfied that it is procedurally proper and that there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); Fed. R. Civ. P. 55(b). Stated differently, "the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive."[1]

### III. ANALYSIS

---

[1] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

The Undersigned finds that the United States' *in rem* claim against the seized currency is procedurally proper and factually sufficient, and that entry of a default judgment and an order of forfeiture is appropriate.

1. **Procedural Requirements Necessary for Default Judgment**

Default judgment is procedurally warranted if the clerk's entry of default was proper under Rule 55(a). *1998 Freightliner*, 548 F. Supp. 2d at 384–85. Entry of default is proper when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

To plead or defend in a civil forfeiture action, a claimant must do two things: (1) file a claim for the property and (2) "serve and file an answer to the complaint or a motion under Rule 12." Supplemental Rule G(5)(a)(i) and G(5)(b). Any person who receives direct notice of the action has 35 days to file a claim. Supplemental Rule G(4)(b)(ii)(B). Any person receiving notice by publication has "60 days after the first day of publication on an official internet government forfeiture site" to file a claim. Supplemental Rule G(5)(a)(ii)(B). And any person who files a claim "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supplemental Rule G(5)(b).

None of this will happen unless potential claimants have notice of the civil forfeiture action. That means proper notice is the threshold procedural requirement for a default judgment. *See United States v. $12,107.00, More or Less, in United States Currency*, No. EP-21-CV-00111-DCG, 2022 WL 1050383 at *4 (W.D. Tex. Apr. 6,

2022) (citing *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1114 (5th Cir. 1992)). So, the Court must look to whether the United States provided potential claimants proper notice of this civil forfeiture action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *4.

The United States provided direct notice to the known potential claimant in this case. (Dkt. No. 7 at 5–10). And in accordance with Supplemental Rule G, the United States also posted notice for 30 days on an official government website. (Dkt. No. 10). The United States thus provided proper notice to potential claimants. Supplemental Rule G(4)(b) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government."); Supplemental Rule G(4)(a)(iv)(C) (permitting notice by publication "on an official internet government forfeiture site for at least 30 consecutive days").

Because none of the known potential claimants, or any other potential claimants, filed a claim or answer, they have failed to plead or otherwise defend in this action. *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *4. That is, they defaulted.

The Court of Appeals for the Fifth Circuit has delineated factors to consider in determining whether entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly

7

established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.* Here, the Undersigned finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment.

First, the United States' well-pleaded allegations against the seized currency are assumed to be true. *See Nishimatsu*, 515 F2d at 1206. No person or entity has defended or otherwise appeared in this action. This means that no material facts appear to be in dispute. *United States v. $37,603.00 in US Currency*, No. 4:20-CV-00222, 2021 WL 3013337 at *3 (S.D. Tex. July 16, 2021) (Eskridge, J.).

Second, the United States has naturally experienced substantial prejudice. On February 9, 2024, the United States sent notice and copies of its *in rem* complaint to the known potential claimants by certified mail, return receipt requested. (Dkt. No. 7 at 5–10). It also published notice of this judicial forfeiture action on an official government internet site (www.forfeiture.gov) for 30 consecutive days. (Dkt. No. 10). None of the known potential claimants filed a verified claim or answer to the *in rem* complaint. No other party did, either, effectively halting the adversarial process. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Third, the Clerk properly entered default against the seized currency pursuant to Rule 55(a) because no person or entity answered or otherwise defended this action. (Dkt. No. 13). Default judgment is likewise proper because no person or entity has since answered or otherwise defended. *$37,603.00 in US Currency*, 2021 WL 3013337 at *3 (Eskridge, J.).

Fourth, nothing suggests that the default by any potential claimant to the Defendant currency has been the product of a good-faith mistake or excusable neglect. *(Id.)*.

Fifth, nothing suggests that it would be too harsh to enter default judgment against the Defendant currency. *(Id.)*. To the contrary, the known potential claimants have had almost six months to come forward and defend in this action. This mitigates the perception of any harshness of entering a default judgment. *(Id.)*.

Sixth, nothing suggests that a default judgment would be set aside were any person or entity to later challenge it. *(Id.)*.

Based on the foregoing, the procedural requirements necessary for default judgment are met.

### 2. Sufficiency of the Government's Verified Complaint

Under the Civil Asset Forfeiture Reform Act, which governs all federal forfeiture proceedings, the United States bears the initial burden of establishing by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). In the verified complaint, (Dkt. No. 1), the United States alleges the seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constitutes "monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act." (Dkt. No. 1 at 2).

Where, as here, one of "the Government's theor[ies] of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was

9

involved in the commission of a criminal offense," the United States must establish a "substantial connection between the property and offense."[2] Additionally, under the Supplemental Rules, the complaint in a forfeiture action *in rem* arising from a federal statute must:

  (a) be verified;

  (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;

  (c) describe the property with reasonable particularity;

  (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

  (e) identify the statute under which the forfeiture action is brought; and

  (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supplemental Rule G(2).[3] Here, the Government's civil forfeiture complaint satisfies Rule G(2)'s requisites. First, in a verification attached to the complaint, Agent Marrufo "declare[d] under penalty of perjury . . . that the facts stated [in the complaint] . . . are true and correct." (*See* Dkt. No. 1 at 6); *see In re Ramu Corp.*, 903 F.2d at 315 (finding that a DEA agent's declaration, which was attached to the complaint and contained similar language as here, adequately verified the

---

[2] 18 U.S.C. § 983(c)(3); *E.g.*, *$37,603.00 in US Currency*, 2021 WL 3013337 at *4 (Eskridge, J.); *United States v. $25,000 in U.S. Currency*, No. 3:23-CV-456-S-BK, 2023 WL 4494773 at *2 (N.D. Tex. June 23, 2023), *R. & R. adopted*, No. 3:23-CV-456-S-BK, 2023 WL 4494356 (N.D. Tex. July 12, 2023); *United States v. $12,107.00, More or Less, in United States Currency*, 2022 WL 1050383 at *5.

[3] *E.g.*, *United States v. $62,200.00 in U.S. Currency*, Civ. No. H-21-3971, 2023 WL 2386884, at *1 (S.D. Tex. Mar. 6, 2023) (Rosenthal, J.) (citing *In re Ramu Corp.*, 903 F.2d 312, 317 n.7 (5th Cir. 1990)); *United States v. Assorted Jewelry*, No. 2:23-CV-00095, 2023 WL 9110921 at *3 (S.D. Tex. Nov. 9, 2023), *R. & R. adopted sub nom. United States v. Jewelry*, No. 2:23-CV-00095, 2024 WL 69080 (S.D. Tex. Jan. 5, 2024); *$25,000 in U.S. Currency*, 2023 WL 4494773 at *2.

complaint).

Moreover, the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue are clearly stated. (Dkt. No. 1 at 1). Subject matter jurisdiction is proper as federal district courts have "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. *In rem* jurisdiction is appropriate as federal district courts have "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." 28 U.S.C. § 1355(a). Venue is suitable as forfeiture actions "may be brought in the district court for the district in which any of the acts or omissions" leading to the forfeiture took place. 28 U.S.C. § 1355(b)(1).

The complaint also provides a reasonably detailed description of the property.[4] Additionally, it identifies the applicable forfeiture statutes, namely 21 U.S.C. § 881(a)(6). (Dkt. No. 1 at 2).

Finally, the complaint sufficiently states facts to support a reasonable belief that the United States could carry its burden of proof at trial. The seized currency was "located [in] a false compartment underneath the floor." (*Id.* at 3). The seized currency was large in amount and concealed in "vacuum sealed packages wrapped in aluminum foil." (*Id.* at 3). Deputy Garcia's "narcotic detecting [canine] performed a free air sniff of the tractor and "alerted positively to an odor of narcotics emitting from inside the tractor's cab." (*Id.* at 2–3). These facts permit the Court to reasonably infer a substantial connection between the seized currency and violation of 21 U.S.C. §

---

[4] (*See* Dkt. No. 1 at 3) ("The total amount of currency seized from the tractor was $176,840.00").

11

881(a)(6), therein warranting forfeiture of the seized currency.[5]

### 3. The Relief Requested

Federal Rule of Civil Procedure 54(c) mandates "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "[T]he relief prayed for in a complaint defines the scope of relief available on default judgment." *1998 Freightliner*, 548 F. Supp. 2d at 386.

In its motion, the United States seeks default and final judgment of forfeiture against the seized currency. (Dkt. No. 15 at 3). That is consistent with the United States' requested relief in its verified complaint. (Dkt. 1 at 4). Given the uncontroverted evidence presented by the United States, the Court finds that the requested relief is appropriate.

## IV. RECOMMENDATION

For the foregoing reasons, the Undersigned recommends the United States' motion for default judgment and entry of final order of forfeiture, (Dkt. No. 15), be **GRANTED**. The Undersigned recommends the district court enter a default judgment and an order of forfeiture of the seized currency.

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a

---

[5] *$37,603.00 in US Currency*, 2021 WL 3013337 at *5 (Eskridge, J.) (collecting cases and holding "traveling with a very large amount of currency[,] . . . conceal[ing] a portion of the [seized] currency[,] . . . [and] a certified [n]arcotics [c]anine [o]fficer alert[ing] to the [seized] currency after officers seized it" support an inference the currency is associated with a crime related to controlled substances); *Cf. United States v. $48,800, More or Less, in U.S. Currency*, No. 6:15-CV-364-RP, 2018 WL 1404408, at *3–*5 (W.D. Tex. Mar. 20, 2018) (possession of large amounts of cash and dog alert were probative of basis for forfeiture).

copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

IT IS SO **ORDERED**.

**SIGNED** on this 18th day of July, 2024.

_____
Christopher dos Santos
United States Magistrate Judge